[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties were married on January 12, 1975 at Gioia Sannitica, Italy. By complaint dated July 24, 2001, the Wife instituted this action claiming a dissolution of marriage, alimony, an equitable division of the marital liabilities and assets both real and person and other relief as law and equity might provide. The Husband filed an Answer and Cross Complaint dated September 12, 2001 claiming a dissolution of marriage, an equitable division of all real and personal property and other relief as law and equity might provide.
Three children were born issue of this marriage, however, none are minors at this time.
The Husband is age 52 and in good health. The Wife is age 46, on Title 19 due to a work related injury. She testified that she is totally disabled, but also said that she is able to do light duty work. She was educated in Italy up to the 3rd grade and learned English when she came to the US. She does not read or write English. Her work history is working in factories. Presently she cares for an elderly woman two hours per day. She also makes Christmas cemetery decorations, earning about $300.00.
On September 6, 2001 the Wife received a net settlement from Workers Compensation for her injury of $39,000.00. She was found to be in contempt of the automatic orders when she used said funds for purchases, such as a new automobile, loan repayments to relatives and gifts to her sons. The sanctions for this finding of contempt were left to the final resolutions of the dissolution. However, even after said finding of contempt, the Wife continued to use the funds for her own needs, contrary to the order of the court (Kenefick, J, November 30, 2002) that she escrow at least $6,000.00 until further order of the court.
The Husband, age 52, has been working most of his life. He has changed jobs often and therefore has not accrued any long term retirement CT Page 11400 benefits. He is a truck driver who went to the 5th grade in Italian schools. He also learned English here in the United States, however, he can read and write in English and his language skills are better than his Wife's.
The Wife claims that the Husband is responsible for the break down of the marriage due to the fact that he was controlling and demanding. She also claims that he has had affairs. The Husband claims that the Wife is responsible for the breakdown of the marriage in that she was demanding, distant and also had an affair. This court finds that both parties are equally responsible for the breakdown of the marriage.
The Court finds that residence requirements have been satisfied. The court further finds that the Wife has been the recipient of public assistance in that she is on Title XIX. The Assistant Attorney General filed an appearance and has submitted claims for relief. All pertinent criteria outlined in Chapter 815j of the General Statutes were considered by the court in the entry of the following orders as well as the evidence, testimony and claims of law made by the parties:
ORDERS:
DISSOLUTION OF MARRIAGE
A decree dissolving the marriage on the grounds of irretrievable breakdown shall enter on September 6, 2002.
ALIMONY
The Husband shall pay to the Wife periodic alimony of $150.00 per week, until the death of either party, the Wife's remarriage, or the Wife's cohabitation as defined by statute.
MEDICAL INSURANCE — WIFE
The Husband shall take all necessary steps so that the Wife is covered under his COBRA benefits for as along as she is legally entitled. The Husband shall be solely responsible for the cost of said insurance for the Wife.
LIFE INSURANCE
The Husband presently has a life insurance policy through his employment equal to one year's salary (presently $38,000.00). For as long as the Husband is liable for the payment of alimony to the Wife, the CT Page 11401 Husband shall maintain said life insurance (to the full amount that is offered through his employment) naming the Wife as the beneficiary. Each year on January 1st the Husband shall provide to the Wife proof that he is maintaining said insurance.
PERSONAL PROPERTY
The parties shall equally divide their personal property. If they are unable to do so, Family Relations shall mediate and their mediation shall be binding on the parties.
REAL PROPERTY
The parties are joint owners of real property located at 22 Dodge Avenue, East Haven, Connecticut.
If the Wife has returned to the marital residence, she shall vacate the premises within 30 days of the date of this decree and thereafter, the Husband shall have exclusive use of the property.
The parties bought the house in 1988 for $100,000.00. The property has been appraised at $85,000.00. (See Defendant's Exhibit A) There is a first mortgage in the amount of $76,390.71 and a lien on the property for a son's car loan, co-signed by the Husband. Therefore, this court shall find that as to these parties there is equity in the property of $8,609.29.
The Wife shall immediately transfer to the Husband, by Quit Claim Deed, all of her right, title and interest in and to said property. Thereafter, the Husband shall be solely responsible for all costs associated with said house, including but not limited to the mortgage, taxes and insurance. The Husband shall indemnify and hold the Wife harmless in regards to such costs. The Husband shall be solely responsible for the lien on the property for the son's car loan.
WIFE'S WORKERS COMPENSATION AWARD
The Wife shall retain any and all funds remaining from her $39,000.00 Workers Compensation award free and clear of any claims by the Husband. Due to the fact that the Wife used all these funds for her own benefit, contrary to a court order, the Wife shall have no claim to the equity in the marital residence.
HUSBAND'S PERSONAL INJURY LAW SUITS
CT Page 11402
The Husband has two personal injury law suits. The first being Zurlo vs. Smith which is in suit. The second being Zurlo vs. Murphy which is reported settled for the gross amount of $7,500.00. Any proceeds from the resolution of these matters, either by settlement or judgment shall be divided 2/3 to the Husband and 1/3 to the Wife after the payment of all necessary costs associated with same, except the Husband's attorney's fees regarding this dissolution action shall not be considered a necessary cost to the personal injury matters and his dissolution attorneys fees shall be paid from his share of the proceeds.
DIVISION OF DEBTS
Except as otherwise provided herein, the Husband shall be responsible for the debts on his financial affidavit and the Wife shall be responsible for the debts on her financial affidavit and shall indemnify and hold the other harmless in regards to said debts.
PENSION, IRA ACCOUNTS, 401K ACCOUNTS
The parties shall equally divide all pensions, IRA accounts, 401K accounts as listed on their respective financial affidavits by means of a Qualified Domestic Relations Order, if needed. The parties shall equally share of the cost of preparing the necessary documents. The court retains jurisdiction in regards to compliance with this order.
ATTORNEY FEES
The parties shall each be solely responsible for their own attorney fees
TAX RETURNS
The parties shall file separate tax returns for the year 2002 and thereafter.
In the past, the parties filed joint income tax returns. If there is any liability, cost, or penalty associated with the previous filings of joint income tax returns, the party responsible for the penalty shall be solely responsible for same and shall hold the other party harmless from same.
There are two refund checks for the 2001 federal and state income tax returns which are presently being held in escrow by the parties' attorneys. The parties shall equally divide all of said funds immediately. CT Page 11403
MOTOR VEHICLES
The parties shall be entitled to their respective motor vehicles.
RESTORATION OF THE WIFE'S NAME
The Wife's name of Leuisa Mennillo shall be immediately restored to her.
MISCELLANEOUS
Each party shall sign any necessary documents to effectuate the orders contained herein.
_________________ FRANKEL, J. CT Page 11404